IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHARLES GATSON,

  Petitioner,

v.

WARDEN CARTER,

  Respondent.

Civil Action No.: PX-23-2977

**MEMORANDUM OPINION**

Petitioner Charles Gatson, a federal inmate, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, in which he asks this Court to command reduction of his sentence based on the earned time credits he received under the First Step Act ("FSA"). ECF Nos. 1, 2. Respondent Warden Carter of the Federal Correctional Institution in Cumberland, Maryland, moves to dismiss the Petition or for summary judgment to be granted in her favor. ECF No. 8. Gatson has also submitted an "Emergency Application for Habeas Corpus" which the Court construes as his opposition to Respondent's Motion. ECF No. 9. After full review, the Court finds that no hearing is necessary. Rules 1(b), 8, *Rules Governing Section 2254 Cases in the United States District Courts*; D. Md. Local R. 105.6 (2025). For the reasons discussed below, the Court will grant Respondent's motion, and the Petition will be dismissed.

Gatson is serving a 180-month prison term for possession of a firearm after having sustained a prior felony conviction and a domestic violence conviction. ECF No. 2 at 1; ECF No. 8-1 at ¶ 4. While incarcerated, Gatson has successfully completed several programs, earning him time credits under the FSA. ECF No. 8-1 at ¶ 5. Those credits, however, will not be applied to reduce his overall sentence because he is considered a high risk of recidivating according to the

Prisoner Assessment Tool Targeting Estimated Risk and Needs ("PATTERN") score, on account of his 40 criminal history points. *Id.* at ¶¶ 6-9. Gatson argues that because of his high-risk assessment level and insufficient time to reduce the risk level prior to his release, this Court should compel a sentence reduction. ECF No. 2 at 4. Gatson maintains he has been deprived of a meaningful opportunity pursuant to the FSA to reduce his classification during his incarceration. *Id.* at 4. He further argues that nothing in the FSA prevents medium and high security prisoners from receiving FSA credits and that it "is solely a construct of [the] federal prison system that wants to retain its 'customers' as long as possible." *Id.* at 6.

The FSA allows inmates to earn early release credits for participation in certain programming. *See Torok v. Beard*, No. CV PX-21-1864, 2022 WL 2703836, at *1 (D. Md. July 12, 2022); *Llufrio v. Johns*, No. 5:19-CV-122, 2020 WL 5248556, at *2 (S.D. Ga. Aug. 13, 2020); *see also* 18 U.S.C. § 3621(h). The FSA assigns to the Attorney General the development of a Risk and Needs Assessment System ("the System") designed to measure an inmate's risk of recidivism, or future violence or serious misconduct. *See* 18 U.S.C. § 3632. The System includes the provision of evidence-based recidivism reduction programs appropriate for each inmate and availability of incentives or rewards upon successful completion of such programming. *See* § 3632(a). *See also Kurti v. White*, No. 1:19-CV-2109, 2020 WL 2063871, at *4 (M.D. Pa. Apr. 29, 2020) (citing 18 U.S.C. § 3632(b)). Eligible inmates who successfully complete programming receive earned time credits ("ETCs") to be applied toward time in pre-release custody or supervised release. *See* 18 U.S.C. § 3632(d)(4)(A). However, ETCs are applied only if the inmate scores either a minimum or low "risk" of recidivism under PATTERN. *See The First Step Act of 2018: Risk and Needs Assessment System—UPDATE*, Jan. 2020, available at https://www.bop.gov/inmates/fsa/docs/the-first-step-act-of-2018-risk-and-needs-assessment-system-updated.pdf (last visited Oct. 14, 2025).

The PATTERN assessment considers fifteen static and dynamic factors including: (1) age of inmate, (2) any infraction convictions during current incarceration, (3) serious and violent infraction convictions during current incarceration, (4) whether the inmate is free of any infractions, (5) whether the inmate is free of any serious and violent infractions, (6) program completions, (7) work programming, (8) drug treatment while incarcerated, (9) noncompliance with financial responsibility, (10) currently incarcerated on violent offence, (11) sex offender (Walsh) status, (12) criminal history score, (13) history of violence, (14) history of escapes, and (15) education score.  *U.S. Dep't of Justice, 2020 Review and Revalidation of the First Step Act Risk Assessment Tool*, 2021, at 12-13, available at https://www.ojp.gov/pdffiles1/nij/256084.pdf (last visited Oct. 14, 2025).  Based on the PATTERN score, the inmate is placed in one of four "risk of recidivism" categories: minimum, low, medium, or high.  *Id.*; *see also* Male Pattern Risk Scoring, available at https://www.bop.gov/inmates/fsa/docs/male_pattern_form.pdf (last visited Oct. 14, 2025).

Although ETCs cannot be applied toward sentence reduction if the inmate scores as medium or high risk, the inmate may petition the Warden to apply ETCs toward transfer to prerelease custody or supervised release.  18 U.S.C. § 3624(g)(1)(D)(i)(II).  The Warden at the Bureau of Prisons ("BOP") facility where the petitioner is housed may grant such relief upon finding that the inmate (1) would not be a danger to society if transferred; (2) has made "a good faith effort to reduce their recidivism risk" by participating in available programs; and (3) is unlikely to recidivate.  *Id*.  BOP Program Statement 5410.01 allows an inmate to file such a petition with the Warden as part of the inmate's program review.   ECF No. 8 at 8.

Gatson has earned 365 ETCs and has requested his unit team apply the ETCs to reduce his sentence.  ECF No. 8-1 at ¶ 13, 14, pg. 19-21.  The Court cannot tell whether Gatson sought

3

separate application for relief to the Warden. Nonetheless, he now asks this Court to intervene so that he may receive benefit for his ETCs despite his high-risk designation under PATTERN. Gatson does not dispute he is high risk, but rather expresses general dissatisfaction with the System as a whole. Mere disagreement with the outcome under the FSA, however, does not alone entitle him to relief. *See Green v. Hudson*, No. 23-3141, 2024 WL 960497, at *4 (10th Cir. Mar. 6, 2024) (unreported) (holding that the BOP's inclusion of static factors in PATTERN did not deprive inmates of a "meaningful opportunity to reduce their classification during the period of incarceration").

Gatson essentially makes only one real argument: that because prisoners cannot earn credits for programming completed prior to the passage of the FSA, then the BOP should not consider any other pre-FSA conduct in assessing risk. ECF No. 9 at 2; *see* 28 C.F.R. § 523.42(b)(1) ("An inmate cannot earn FSA Time Credits for programming or activities in which he or she participated before December 21, 2018, the date of enactment of the First Step Act of 2018."). To do otherwise, argues Gatson, violates the Ex Post Facto Clause to the United States Constitution. *Id.*

"The Ex Post Facto Clause prohibits laws that 'retroactively alter the definition of crimes or increase the punishment for criminal acts.'" *United States v. Farrow*, 364 F.3d 551, 554 (4th Cir. 2004) (quoting *Collins v. Youngblood*, 497 U.S. 37, 43 (1990)). The PATTERN score, as part of the FSA, does neither. As Judge Chuang ably explained, "[a]t worst, if an inmate's prior conviction prevents the application of FSA Time Credits, the end result would be the same period of incarceration that the inmate would have served had the FSA never been enacted. Because neither the relevant provision of the FSA nor the BOP's implementation of it results in greater punishment for the present crime of conviction or any prior convictions," there can be no ex post

4

facto violation. *Miller v. Warden Carter*, No. CV 24-1181-TDC, 2025 WL 3022385, at *2 (D. Md. Oct. 29, 2025).

Nor can the Court find any other basis upon which Gatson could challenge the legitimacy of the BOP's declination to apply his ETCs. *Cf. Purdy v. Carter,* No. CV BAH-24-582, 2024 WL 4651275, at *4 (D. Md. Nov. 1, 2024) (rejecting challenge to denial of time credit application based on risk score as violating the Administrative Procedures Act and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution); *Cochran v. United States*, No. CV SAG-24-2082, 2025 WL 2418541, at *7 (D. Md. Aug. 21, 2025) (rejecting variety of constitutional, statutory, and common law claims arising from BOP denial of application of ETCs). Thus, for these reasons, and when construing the Petition most favorably to Gatson, he has failed to state a claim. The Petition must be dismissed.

A separate Order follows.

| | |
|---|---|
|    11/13/25 |    /S/ |
| Date | Paula Xinis<br>United States District Judge |